IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN-WILLIAM MILBECK,

            Plaintiff,

   v.

DEPUTY ALLISON GEORGE,
SERGEANT ALEXANDER SANCHEZ,
MARGARET M. DREES, and
KENOSHA COUNTY SHERIFF'S
DEPARTMENT,

            Defendants.

ORDER

23-cv-525-wmc

---

RYAN-WILLIAM MILBECK,

            Plaintiff,

   v.

ROTHSCHILD OFFICER 1,
ROTHSCHILD OFFICER 2,
JEREMY P. HUNT, and
VILLAGE OF ROTHSCHILD,

            Defendants.

ORDER

23-cv-526-wmc

---

*Pro se* plaintiff Ryan-William Milbeck filed these two lawsuits on the same day and seeks leave to proceed *in forma pauperis* in both. He has filed a motion for reconsideration in each case of Magistrate Judge Wiseman's order denying his petition to proceed without prepaying the full $402 filing fee. (Dkt. #4.)[1] The court will deny the motions.

Plaintiff has not provided any reason to reconsider the magistrate's decisions. To start, he objects to the magistrate deciding his petitions and contends that his electronic

---

[1] The docket numbers and documents the court references in this order are the same in both cases.

"/s/" signature is invalid. However, the magistrate's rulings are valid. In this district, magistrate judges "are designated to hear and determine any pretrial matter" with exceptions not relevant here. W.D. Wis. Local R. 72.1(A); *see also* Federal Rule of Civil Procedure 72(a) (contemplating that a magistrate may decide a nondispositive pretrial matter). And the federal rules and this court's procedures allow for electronic filing and signatures by both parties and the court. *See* Fed. R. Civ. P. 5(d)(3) (electronic filing and signing); W.D. Wis. Local R. 5 (requiring electronic filing of papers).

Plaintiff also argues that the magistrate did not sufficiently consider his circumstances. Specifically, plaintiff notes that: (1) the court's indigency form does not provide enough to space to include all relevant details; (2) he has to miss work for hearings in his divorce case and is unpaid for these absences; (3) he recently "got out of foreclosure;" (4) he was unemployed for 15 months; (5) he is behind on his water and electric bills; (6) he is trying to rebuild his life; (7) he is trying to vindicate his constitutional rights; and (8) he "recently received a bill" from state court for over $2,300 that he must pay or face arrest. However, every plaintiff is trying to vindicate his or her rights, and plaintiff was not prohibited from attaching additional pages to his petitions as necessary. Regardless, plaintiff does not dispute the magistrate's finding that he makes $51,000 a year, and the magistrate did consider plaintiff's monthly expenses including his mortgage, credit card debt, child support, and thousands of dollars in attorneys' fees, and "other circumstances of indigency described in" the petitions. (Dkt. #3 at 1.) These circumstances included that plaintiff is "rebuilding" after "getting out of foreclosure," has only been at his current job for 10 months and is "financially struggling." (Dkt. #2 at 4.) The magistrate thus

gave due consideration to plaintiff's circumstances as presented, and plaintiff does not raise any change in circumstances significant enough to disturb the magistrate's rulings.

Finally, plaintiff argues that asking for "federal reserve notes" to satisfy the filing fee violates the constitution because "only gold and silver coin are valid for Tender in Payment." (Dkt. #4 at ¶ 30.) The court is required by statute to charge filing fees, 28 U.S.C. § 1914, and even those proceeding *in forma pauperis* must make installment payments of the fee. Regardless, plaintiff's claim that only gold or silver coins are proper is without merit because federal reserve notes have been made legal tender by virtue of 31 U.S.C. § 5103. The statute does not violate article I, § 10 of the federal constitution, which provides that "[n]o state shall. . . . make anything but gold and silver coin a tender in payment of debts," because the statute was enacted by Congress, not a state.

## ORDER

IT IS ORDERED that:

1) Plaintiff's motions for reconsideration (dkt. #4 in the '525 and the '526 cases) are DENIED.

2) Plaintiff may have until December 6, 2023, to pay the $402 filing fee in each of these cases. If plaintiff fails to do so, the clerk of court is directed to dismiss the related case without prejudice to plaintiff's refiling it at a later date.

Entered this 15th day of November, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge